IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,980-01






EX PARTE JONATHAN WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-05-280-A IN THE 22
ND JUDICIAL DISTRICT COURT


FROM HAYS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty-five years' imprisonment. 

 Applicant contends that he was deprived of the right to appeal his conviction, because trial
counsel moved to withdraw from the representation after sentencing, requesting that appellate
counsel be appointed to represent Applicant in all post-trial proceedings, including motion for a new
trial and appeal. Trial counsel did not file a notice of appeal. The trial court granted counsel's
motion to withdraw, but failed to appoint appellate counsel. Therefore, Applicant was denied
counsel on direct appeal, and was denied the opportunity to appeal his conviction. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide trial counsel with the opportunity to respond to Applicant's claim that he moved to
withdraw without filing a notice of appeal. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel filed a notice of appeal
on Applicant's behalf prior to withdrawing from the representation. The trial court shall also make
findings as to whether appellate counsel was ever appointed pursuant to the request in trial counsel's
motion to withdraw. If appellate counsel was not appointed, the trial court shall make findings as
to why not. The trial court shall then make findings as to whether Applicant was denied his right
to a meaningful appeal because he did not have the assistance of counsel for appeal. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 1, 2006

Do not publish